UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>)<br>SAZAR DENT )<br>)<br>Defendant. )<br>_____) | Case No. 1:08 CR 272<br><br>JUDGE WELLS |

**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND SUPPRESS EVIDENCE OF PRIOR REMOVAL**

Now comes the Defendant, Sazar Dent aka Cesar Jimenez-Mendez[1] (hereafter "defendant" or "Mr. Dent"), by and through the undersigned Criminal Justice Act Plan ("CJA") counsel, and respectfully submits this motion to dismiss the indictment and suppress evidence of his prior removal, because the removal order cannot be used to establish an element of the offense charged under 8 U.S.C. § 1326(d) and *United States v. Mendoza-Lopez*, 481 U.S. 828, 837 (1987). Mr. Dent requests that this Court grant this motion, or, in the alternative, allow him a hearing in support of it. At such a hearing, he would show as follows:

---

[1] Defendant's legal name is Sazar Dent having been so registered by the Probate Court of Marion County Arkansas. *See*, Certificate of Foreign Birth and Decree of Adoption, appended as <u>Exhibits</u> 1 and 2 respectively.

**Statement of Facts**

1. The government has charged Mr. Dent with a violation of 8 U.S.C. § 1326. The indictment alleges that he was previously removed from the United States on September 12, 2005 subsequent to a conviction for the commission of an aggravated felony, namely, Escape, in violation of Arizona Revised Statutes § 13-2502, in the Superior Court of Arizona, Maricopa County on December 11, 2003.

2. Mr. Dent was born in Jardines, Honduras on November 27, 1967. On February 21, 1981 he was admitted to the U.S. as a Lawful Permanent Resident ("LPR") at New Orleans, Louisiana. *See* Immigrant Visa and Alien Registration, appended as Exhibit 3.

3. On September 1, 1981, at the age of 14, he was lawfully adopted by Ms. Roma Riggs Dent, a United States citizen. On January 18, 1982, pursuant to former 8 U.S.C. 1433(a)(1980), defendant's mother duly filed application for U.S. citizenship on his behalf with the former Immigration and Naturalization Service (hereafter "INS") (now U.S. Citizenship and Immigration Services (hereafter "USCIS")). At the time, the immigration law liberally provided for the naturalization of children adopted by U.S. citizens presuming them to be "of good moral character and well disposed to the good order and happiness of the United States". *See* 8 U.S.C. § 1433(1980).[2]

4. On or about December 11, 2003, Mr. Dent was convicted in the Superior Court of Arizona, Maricopa County, of Escape in the Third Degree in violation of A.R.S. Section 13-2502.

---

[2] The government does not dispute that Ms. Roma Riggs Dent properly filed the correct application and paid all appropriate filing fees to the former INS.

2

5. The records of the U.S. Department of Justice, Executive Office of Immigration Review (hereafter "EOIR"), reflect that on or about July 21, 2004 Mr. Dent was served with a Form I-862, Notice To Appear (hereafter "NTA") for administrative removal proceedings, by agents of U.S. Immigration and Customs Enforcement. *See,* Form I-862, Notice to Appear, appended as Exhibit 4.

6. The NTA charged that Mr. Dent had been a Lawful Permanent Resident of the United States (hereafter "LPR") since 1981 and, as such, was eligible for full relief from removal in the form of cancellation of removal for certain permanent residents, unless he was found to be deportable due to conviction for an aggravated felony. *See* 8 U.S.C. § 1229b.[3]

7. The NTA erroneously alleged that he was deportable from the U.S. on the basis of an "aggravated felony as defined in section 101(a)(43)(S) of the Act, an offense related to obstruction of justice, perjury or subornation of perjury, bribery of a witness, for which the term of imprisonment of at least one year." *See* Form I-862, Notice to Appear, Allegation 3, appended as Exhibit 4.

8. His case was heard before the Immigration Court located in Florence, Arizona Immigration Judge Scott M Jefferies (hereafter "IJ"). Mr. Dent, unable to obtain counsel, proceeded *pro se*.

---

[3] The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien-
    (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
    (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
    (3) has not been convicted of any aggravated felony.

3

9. The regulations governing removal proceedings are set forth in 8 C.F.R. Part 1240. 8 C.F.R. § 1240.10 strictly requires that at the removal hearing the IJ shall, among other things,

> Advise [the alien] of his or her right to representation, at no expense to the government, by counsel of his or her own choice authorized to practice in the proceedings and require the respondent to state then and there whether he or she desires representation;
>
> Advise [the alien] of the availability of free legal services provided by organizations and attorneys qualified under 8 CFR part 1003 and organizations recognized pursuant to § 1292.2 of this chapter, located in the district where the removal hearing is being held;
>
> Ascertain that the [alien] has received a list of such programs, and a copy of appeal rights;
>
> Advise the respondent that he or she will have a reasonable opportunity to examine and object to the evidence against him or her, to present evidence in his or her own behalf and to cross-examine witnesses presented by the government…

10. 8 C.F.R. §1003.30 governs the DHS' filing of Form I-261, Additional Charges of Inadmissibility/Deportability, during removal proceedings and requires that,

> … The alien shall be served with a copy of these additional charges and/or allegations and the Immigration Judge shall read them to the alien. The Immigration Judge shall advise the alien, if he or she is not represented by counsel, that the alien may be so represented. The alien may be given a reasonable continuance to respond to the additional factual allegations and charges…

11. During Mr. Dent's removal hearing the IJ repeatedly failed to follow the regulations and properly advise Mr. Dent as required by 8 C.F.R. §§ 1240.10; and 1003.30.

4

12. At the removal hearing held on August 16, 2004 the IJ failed to advise Mr. Dent of his right to representation, at no expense to the government, by counsel of his own choice authorized to practice in the proceedings.[4] Indeed, to the contrary, the IJ's dictate to Mr. Dent, who was imprisoned by DHS, was that if he could not find a lawyer within two (2) weeks, he would be <u>required</u> to proceed *pro se.*

>    JUDGE TO MR. DENT
>    Q. You want more time to talk to an attorney?
>
>    A. Yes.
>
>    Q. I'll re-set your case to August the 31st at 9:30. If you don't have an attorney at that time, you will have to speak for yourself. Do you understand that?
>
>    A. Yes.
>
>    *See,* Transcript of August 16, 2004 Removal Proceedings, Appended as <u>Exhibit</u> 5.

13. At the removal proceeding held on August 31, 2004, The Department of Homeland Security (hereafter "DHS") withdrew the aggravated felony charge based on INA § 101(a)(43)(S) and filed Form I-261, Additional Charges of Inadmissibility/Deportability, alleging that Mr. Dent was deportable from the U.S. based on a INA § 101(a)(43)(F), due to his conviction for Escape in the Third Degree in violation of A.R.S. § 13-2502.[5] *See,* Form I-261, Additional Charges of Inadmissibility/Deportability, appended as <u>Exhibit</u> 6. However, the IJ again failed to follow the regulation which required that he advise Mr. Dent, who was

---

[4] The transcript of proceedings reflects that the IJ claimed to have explained Mr. Dent his "rights on tape A98 291 211. However, the IJ's reference is to an unrelated removal case as Mr. Dent's alien number was A37 082 657.

[5] A.R.S. § 13-2502 provides that, "A person commits escape in the third degree if, having been arrested for, charged with or found guilty of a misdemeanor or petty offense, such person knowingly escapes or attempts to escape from custody."

5

      unrepresented, that he had the right to be represented by counsel and to a reasonable continuance to respond to the additional factual allegations and charges. 8 C.F.R. § 1003.30. Then, after depriving Mr. Dent of the required advisals, the IJ proceeded question him on the merits of the deportation charge. *See* Transcript of August 31, 2004 Removal Proceedings, appended as <u>Exhibit</u> 7.

14.    During the proceedings Mr. Dent asserted that he was a derivative U.S. citizen based on his legal adoption by Ms. Roma Riggs Dent and that the crime for which he was alleged to be deportable—A.R.S 13-2502—was not an aggravated felony because it did not meet the definition of "Crime of Violence" under 8 U.S.C. § 1101(a)(43)(F).[6] *See,* Oral Decision of the Immigration Judge of November 5, 2004 , appended as <u>Exhibit</u> 8.

15.    On November 5, 2004 the IJ ordered Mr. Dent deported, concluding, without any textual analysis of A.R.S. Section 13-2502, that Escape in the Third Degree was an aggravated felony. Notably, the IJ displayed a shocking ignorance of the elements of the escape statute, incorrectly claiming that A.R.S. 13-2502 involved "unlawful flight from a pursuing law enforcement vehicle". Furthermore, the IJ made a finding of deportability based on Mr. Dent's testimony, not on DHS' production of official records of conviction as required by 8 U.S.C. § 1229(c)(3)(B).[7] In so doing the IJ violated 8 U.S.C. 1229(c)(3) which places the

---

[6]    The Aggravated Felony provision incorporates 18 U.S.C. § 16 which defines a Crime of Violence as-
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

[7]    As outlined in ¶17 *infra*, the BIA remanded the case in part because the record of

6

burden of proof in removal proceedings squarely on the DHS to prove deportability by clear and convincing evidence. *See*, Transcript of November 5, 2004 Removal Proceedings, Decision of the Immigration Judge at Page 2, attached as <u>Exhibit</u> 9.

16. Mr. Dent, acting *pro se*, timely appealed the decision of the IJ to the BIA.

17. On March 3, 2005 the Board ordered the matter remanded to the IJ because the record of proceedings improperly lacked Mr. Dent's adoption records and record of conviction. Notably, the BIA did not address Mr. Dent's challenge to the IJ's conclusion that conviction for Escape was an aggravated felony. *See,* BIA Order of March 31, 2005, appended as <u>Exhibit</u> 10.

18. At Mr. Dent's April 26, 2005 remanded removal hearing the DHS, for the first time since removal proceedings were initiated against Mr. Dent nearly a year earlier, filed another Form I-261, Additional Charges of Inadmissibility/Deportability, alleging that he was also deportable from the U.S. based on a controlled substance violation.[8] The DHS offered the new charge because the government feared that the BIA might conclude that Escape in the Third Degree in violation of A.R.S. § 13-2502 was <u>not</u> an aggravated felony and, therefore, that Mr. Dent was not deportable. DHS advised the IJ as follows:

> JUDGE TO MS. MARTIN
> Can the Court be enlightened by the Government as to what's happening here"

---

proceedings did not contain a record of conviction.

[8] The government did not allege that Mr. Dent was convicted for an aggravated felony controlled substance violation.

> MS. MARTIN TO JUDGE
>> Yes, Your Honor. The Government's reading of the BIA decision is that the conviction document was not submitted so that the BIA could review the conviction documents to make a determination of whether or not it was an aggravated felony and the Government's position is that in light of the fact that the BIA has not made a ruling, if they decide it's not an aggravated felony, the Government has submitted the additional charge to show that he does have another conviction that does render him removable.
>
> *See,* Transcript of April 26, 2005 Removal Proceedings, at 10-11, appended as Exhibit 11.

19. The IJ questioned whether the government could, at this late stage of the proceedings, and on remand, allege new charges of deportability that could have been made at the outset of the proceedings:

> JUDGE FOR THE RECORD
>> This case was remanded to the Court by the Board of Immigration Appeals to have the Court include an adoption certificate in support of the respondent's derivative citizenship claim and the convictions documents. At our last hearing on the 15th of April, those items were included into the record as Exhibits 4 and 5. Now, there's an I-261 that the Government has filed. So this is going beyond what the remand was for. Now there's another charge.
>
> \* \* \*
>
> JUDGE TO MR. DENT
>> All right, sir. They've found this new charge. I guess they can do that at any time even though this case is very, very old.
>
> *See,* Transcript of April 26, 2005 Removal Proceedings, at 10-11, appended as Exhibit 11.

8

20. Upon the DHS' filing of the additional charge the IJ, yet again, failed to read the new additional charges to Mr. Dent, failed to ascertain that he had been properly served with the Form I-261, and failed to advise Mr. Dent that he had the right to be represented by counsel with respect to the additional charges. The IJ's omissions were direct violation of 8 U.S.C. § 1229a(b)(4); and 8 C.F.R. §§ 1003.30 and 1240.10.

21. Mr. Dent, acting *pro se,* timely appealed the IJ's order of removal to the BIA.

22. On August 18, 2005 the BIA summarily affirmed the IJ's order and issued what purported to be a final administrative order of removal. *See*, BIA Order of August 18, 2005, appended as Exhibit 12.

23. On September 12, 2005, so the indictment alleges, Mr. Dent was removed from the U.S. perforce the August 18, 2005 BIA' final administrative order.

24. However, nine (9) days later, on September 21, 2005, the BIA, acting *sua sponte*, found that its removal order of August 18, 2005 was legally infirm due to "an apparent error in administrative processing," rescinded it, and reissued it effective September 21, 2005. *See*, September 21, 2005 BIA Order, appended as Exhibit 13.

25. Yet, Mr. Dent, according to the indictment, had already been forcibly removed from the United States.

26. The BIA failed to serve the September 21, 2005 order upon Mr. Dent as required by law. *See,* 8 C.F.R. § 1003.1(f)(mandating that the decision of the Board shall be served on the affected party). Rather, it was sent to 3250 N. Pinal Pkwy, Florence, Arizona 85232-0000, where Mr. Dent had been imprisoned by DHS

9

prior to his removal. The Board's failure to serve Mr. Dent prejudiced him and deprived him of meaningful judicial review of the removal order, including his claim to U.S. citizenship and his challenge to the agency's legal conclusion that he had been convicted of a an aggravated felony crime of violence as defined by 8 U.S.C. § 1101(a)(43)(F).

### Argument

8 U.S.C § 1326(d) and *United States v. Mendoza-Lopez*, 481 U.S. 828, 837 (1987) limit the circumstances under which the government may rely on a removal order in criminal proceedings. The statute provides that Mr. Dent may collaterally attack his removal order if he can show that entry of the order was fundamentally unfair, that the government improperly denied him an opportunity to obtain meaningful judicial review of the order, and that he has exhausted his administrative remedies. 8 U.S.C. § 1326(d); and *U.S. v. Zuniga-Guerrero*, 460 F.3d 733 (6th Cir. 2006).

### Fundamental Unfairness

First, Mr. Dent's forcible departure from the U.S. by agents of the U.S. Immigration and Customs Enforcement (hereafter "ICE") under the authority of a defective removal order cannot be termed a "deportation" or "removal' as that term is used in 8 U.S.C. § 1326. The terms "deportation" and "removal" are legal terms of art which refer to the *legally* ordered removal of an alien from the United States. Over 100 years ago, the Supreme Court declared that "'[d]eportation' is the removal of an alien out of the country, simply because his presence *is deemed* inconsistent with the public welfare." *Fong Yue Ting v. United States*, 149 U.S. 698, 709, 13 S.Ct. 1016, 1020, 37 L.Ed. 905 (1893) (emphasis added) overruled in part on other grounds by *Yamataya v.*

*Fisher*, 189 U.S. 86, 101, 23 S.Ct. 611, 614-15, 47 L.Ed. 721 (1903). The Court reiterated the concept that deportation refers to the legal process by which an alien is removed from the U.S. somewhat more recently when it set forth the following definition: "'[d]eportation' means the moving of someone away from the United States, after his exclusion or expulsion." *Kwong Hai Chew v. Colding*, 344 U.S. 590, 596 n. 4, 73 S.Ct. 472, 477 n. 4, 97 L.Ed. 576 (1953). The Court's reference to "exclusion or expulsion" is an obvious allusion to the legal process which brings about the physical removal. Deportation implicates fundamental interests "basic to human liberty and happiness," *Wong Yang Sung v. McGrath,* 339 U.S. 33, 50 (1950), and thus, the Supreme Court has long held that deportation must comport with the procedural protections mandated by duel process. *See Galvan v. Press,* 347 U.S. 522, 531 (1954); *Bridges v. Wixon,* 326 U.S. 135, 154 (1945).

Here, Mr. Dent was clearly forcibly evicted from the United States perforce a legally defective order of removal. The government does not contest this. Nor can it. The Department of Justice, which has brought the instant prosecution, determined through its Board of Immigration Appeals that the August 18, 2005 order was flawed. *See*, BIA Order of September 21, 2005, attached as <u>Exhibit</u> 13. That the BIA must follow the law, and issue removal orders in accordance with its own regulations, is obviously the most fundamental of all such procedural protections. Indeed, procedural guarantees are meaningless if they are not adhered to. Where the BIA determines its order of removal was legally broken, the order cannot, and should not, form the underpinnings of a 1326 prosecution. The government cannot now claim that that Mr. Dent's forcible departure under the defective August 18, 2005 order from the U.S. was a "removal" or

11

"deportation" as that term is used in 8 U.S.C. § 1326.

Second, as outlined above, the removal proceedings were fraught with material mistakes and omissions on the part of the IJ, the BIA and the DHS, such that Mr. Dent was deprived of any semblance of a fundamentally fair removal hearing. The IJ repeatedly failed to properly advise Mr. Dent of his procedural rights, as required by the regulations and committed material procedural and substantive errors of law; the BIA simply ignored the IJ's errors and summarily approved his decision; and the DHS, like a key stone cop, bungled its way through the proceedings, mischarging and recharging Mr. Dent with different grounds of deportation. A review of the transcript of removal proceedings makes it crystal clear that neither the IJ nor the BIA, nor, for that matter, the DHS, met their responsibilities under the statute and regulations to ensure that Mr. Dent was given a fundamentally fair hearing as required by the Constitution and statutes of the United States.

Further, and wholly apart from the maze of procedural and substantive errors and omissions that plagued the removal proceedings, Mr. Dent, as a Lawful Permanent Resident of the United States for more than 20 years, was entitled to apply for full relief from removal in the form of cancellation of removal pursuant to 8 U.S.C. § 1229b(a). Contrary to the government's claim, and the IJ's defective legal analysis, Mr. Dent's conviction for escape pursuant to A.R.S. § 13-2502 was <u>not</u> an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F). The provision requires the offense to 1) have, as an element the use, attempted use, or threatened use of physical force against the person or property of another, or 2) be any other felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used

12

in the course of committing the offense. Yet to be convicted under A.R.S. § 13-2502 a person need only have been arrested, charged with, or found guilty of a misdemeanor or petty offense and knowingly escape or attempt to escape. To be convicted a person need not use, attempt to use nor threaten physical force. Nor does the crime, by its nature, involve a substantial risk that physical force may be used against a person or property. *See e.g. In Re Brittany Y.*, 214 Ariz. 31, 147 P.3d 1047, 2006 Ariz. App. LEXIS 146 (2006) (unauthorized removal of electronic of home detention device violates escape statute).

**Denial of Judicial Review**

Mr. Dent also meets the second criterion because the government improperly denied him the right to obtain judicial review of his order. First, as outlined above, the BIA failed to properly serve Mr. Dent with the reissued final administrative order in violation of 8 C.F.R. § 1003.1(f). This prevented him from obtaining review of the BIA's conclusion that he had been convicted of an aggravated felony, an issue upon which he would have clearly prevailed. The errors also prevented Mr. Dent from seeking review of the IJ's conclusion that he had not made a *prima facie* showing of derivative U.S. citizenship. It must be emphasized that Mr. Dent's claim of U.S. citizenship raised (and raises) complicated legal issues. At the time Ms. Roma Riggs Dent, his mother, submitted an Application for Naturalization on his behalf, the law liberally provided for the naturalization of children adopted by U.S. citizens presuming them to be "of good moral character and well disposed to the good order and happiness of the United States". *See* former 8 U.S.C. § 1433 (1980). It is beyond dispute that Ms. Roma properly filed the correct application, paid all appropriate filing fees to the former INS, and Mr. Dent was

eligible for naturalization as the adopted son of a U.S. citizen. Furthermore, at the time the BIA issued its order of removal the application filed by Ms. Roma in 1981 remained pending with the USCIS.

The collective failure of the government to follow the regulations and properly advise Mr. Dent as required by 8 C.F.R. 1240.10 and 1003.30 were material and deprived Mr. Dent of meaningful judicial review.

## Exhaustion of Administrative Remedies

Mr. Dent exhausted his administrative remedies. He appealed the IJ's decisions to the Board of Immigration Appeals.

## Prejudice

Mr. Dent, who had lawfully resided in the U.S. for many years and was entitled to apply for full relief from deportation, suffered prejudice as a result of the unfairness of his administrative removal proceedings and his denial of meaningful judicial review. First, as outlined above, the IJ and the BIA committed material legal errors which deprived Mr. Dent of the ability to litigate the question of whether escape under A.R.S. § 13-2502 was an aggravated felony such as to bar him from full relief from deportation; Mr. Dent, a long term Lawful Permanent Resident of the U.S. was eligible for full relief from deportation in the form of cancellation of the removal. 8 U.S.C. § 1229b(a). Simply put, the offense for which the DHS sought to deport Mr. Dent, Escape in violation of A.R.S. § 13-2502, was not an aggravated felony. He was also prejudiced by his inability to obtain judicial review of the question of whether he had made a *prima facie* showing of derivative citizenship based on the application filed by his U.S. Citizen mother, Ms. Roma Riggs Dent.

In short, the government's sloppy prosecution of his removal proceedings, which include a panoply of material mistakes and omissions by the IJ, coupled with the BIA's summary affirmance of the IJ's decision, as well as its failure to enter a final administrative order of removal that comported with due process and the applicable regulations, deprived Mr. Dent of meaningful judicial review and prejudiced him.  But for the government's inept handling of his removal proceedings, Mr. Dent would have filed a petition for review of the removal order to the United States Court of Appeals for the Ninth Circuit where his meritorious challenge to the NTA, including his defense of derivative citizenship, would have been reviewed and likely sustained.

It is clear that there is more than "a reasonable likelihood that but for the errors complained of the defendant would not have been deported."  *United States v. Benitez-Villafuerte,* 186 F.3d 651, 658 (5th Cir. 1999).

## Conclusion

For the foregoing reasons, Defendant Sazar Dent respectfully requests that this Court grant his motion to dismiss the indictment and suppress evidence, or, in the alternative, grant a hearing on the motion.

    Respectfully submitted,

    s/David W. Leopold
    David Wolfe Leopold (0029693)
    DAVID WOLFE LEOPOLD & ASSOC. CO., LPA
    1220 W. 6th Street, Suite 203
    Cleveland, OH 44113
    Tel   216.696.4676
    Fax   216.696.8268
    Email  dleopold@immvisa.com

    Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2009 the forgoing Defendant Sezar Dent's Motion to Dismiss was filed electronically. Parties may access this filing through the Court's system:

s/David W. Leopold
David Wolfe Leopold (0029693)
DAVID WOLFE LEOPOLD & ASSOC. CO., LPA

Attorney for Defendant

## EXHIBIT LIST

Exhibit 1    Certificate of Foreign Birth;

Exhibit 2    Decree of Adoption;

Exhibit 3    Immigrant Visa and Alien Registration;

Exhibit 4    Form I-862, Notice to Appear;

Exhibit 5    Transcript of August 16, 2004 Removal Proceedings;

Exhibit 6    Form I-261, Additional Charges of Inadmissibility/Deportability;

Exhibit 7    Transcript of August 31, 2004 Removal Proceedings;

Exhibit 8    Oral Decision of the Immigration Judge;

Exhibit 9    Transcript of November 5, 2004 Removal Proceedings;

Exhibit 10    BIA Order of March 31, 2005;

Exhibit 11    Transcript of April 26, 2005 Removal Proceedings;

Exhibit 12    BIA Order of August 18, 2005;

Exhibit 13    BIA Order of September 21, 2005.